**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **DAVID VERNON BRAY, JR,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| v. | : | **NO. 3:15-cv-00065-CAR-CHW** |
| | : | |
| **HOMER BRYSON, COMMISSIONER,** | : | |
| | : | **Proceedings under 28 U.S.C. § 2254** |
| **Respondent.** | : | **Before the U.S. Magistrate Judge** |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner David Vernon Bray, Jr.'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner presents multiple claims of ineffective assistance of counsel as well as substantive claims of state misconduct. With the exception of Petitioner's ineffective assistance of counsel claim based on (1) his defense attorney failing to file a demand for speedy trial, and (2) his defense attorney having insufficient time to prepare for his trial, Petitioner's claims are procedurally defaulted and it is **RECOMMENDED** that they be **DISMISSED**. Petitioner's two reviewable ineffective assistance of counsel claims were considered on the merits and denied by the Georgia Court of Appeals. Because the decision was not contrary to clearly established federal law or based on an unreasonable determination of the facts, it is **RECOMMENDED** that these claims be **DENIED**.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 24, 2007, the sheriff of Oglethorpe County secured six warrants against Petitioner, charging him with Burglary, False Imprisonment, Armed Robbery, Theft by Taking, and two instances of Aggravated Assault. On September 9th, 2008, Petitioner's court appointed attorney, Paul Helmreich, withdrew from representation of Petitioner due to funding shortages

with the Georgia Public Defender Standards Council. Doc 12-6, pp. 41 – 43. A true bill of indictment was then returned, but on April 27th, 2010, Petitioner's case was placed on the dead docket. Doc. 12-7, p. 2. On November 5th, 2010, Nancee Tomlinson was substituted as Plaintiff's counsel. Doc. 12-7, p. 3. Petitioner proceeded to trial and was convicted of Armed Robbery, Burglary, and Aggravated Assault on March 2, 2011.  Doc. 12-7, p. 17.  He was sentenced to thirty years in prison. Doc. 12-7, p. 29. Petitioner's attorney filed a motion for new trial on April 28, 2011, which was denied on May 1st, 2012. Doc. 12-7, p. 46.

Petitioner appealed his conviction, alleging insufficient evidence to sustain the verdict and ineffective assistance of counsel resulting because (1) Ms. Tomlinson had insufficient time to prepare for trial and (2) Mr. Helmreich failed to file a demand for speedy trial. The Court of Appeals denied Petitioner's ineffective assistance of counsel related to Ms. Tomlinson because Petitioner was unable to allege that Ms. Tomlinson committed any specific error. The court also rejected Petitioner's assertion that Ms. Tomlinson only had two days to prepare for his case. Petitioner presented no evidence to support that conclusion, and Ms. Tomlinson was granted several continuances after her November 2010 appointment. Doc. 12-10, p. 90. With regard to Mr. Helmreich's performance, relief was denied because Petitioner failed to demonstrate that "the motion [for speedy trial] would have been granted had it been filed." Doc. 12-10, p. 90.

Following his unsuccessful appeal, Petitioner sought relief through a state habeas action filed on May 24th, 2014. Doc. 12-3, p. 2. Petitioner's claims focused on the gap in representation caused by Mr. Helmreich's withdrawal, the failure of the court to appoint counsel for the next several years, Mr. Helmreich's failure to file a motion for speedy trial, the State's deliberate delay of his trial, and Ms. Tomlinson's failure to obtain Petitioner's complete case file. Doc. 12-2, pp. 2-5. Petitioner also included a due process claim predicated upon "ineffective appointment

of conflict counsel," in which he alleged that the Court functionally denied him assistance of counsel by making "last minute" appointments. Doc. 12-3, p. 3; Doc. 12-2, p. 3. The Superior Court of Lowndes County denied all six grounds on the basis that they were procedurally defaulted due to Petitioner's failure to raise them on appeal. Doc. 12-3, pp. 6-9.

On March 26, 2014, Petitioner filed an application for a certificate of probable cause to appeal the adverse state habeas decision. Doc. 12-4, p. 2. Before the Supreme Court of Georgia entered judgment on the certificate, Petitioner filed a federal habeas petition with this Court. *Bray v. Medlin*, et al., 3:14-cv-00055-CAR-CHW. Petitioner's federal habeas action was dismissed for lack of exhaustion. The certificate of probable cause to appeal was then denied on May 11, 2015, (Doc. 12-5, p. 1) and the instant action was filed on June 11, 2015. Doc. 1.

## NEED FOR AN EVIDENTIARY HEARING

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, factual determinations made by a state court are presumed to be correct but can be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). On the other hand, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for a constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). After a careful review of the record, and in light of the statement of facts presented herein, no evidentiary hearing is warranted in this case.

Petitioner has also filed a Motion for Discovery (Doc. 5) in which he suggests that his indictment was altered in some way and that the trial court's docket sheet shows dates that do not correspond to certain documents. He requests unspecified discovery related to these contentions. These contentions are conclusory in nature and are not material to the issues before the Court. It is therefore **RECOMMENDED** that Petitioner's "Motion for Discovery" (Doc. 5) and request for an evidentiary hearing be **DENIED**.

<u>STANDARD OF REVIEW</u>

In accordance with the provisions of AEDPA, federal courts are prohibited from granting habeas relief with respect to any claim adjudicated on the merits in state court unless that decision either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d); *Wellons v. Warden, Ga. Diagnostic and Classification Prison*, 695 F.3d 1202, 1206 (11th Cir. 2012). Not only is this standard "difficult to meet," *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011), but it also is a "highly deferential standard for evaluating state-court rulings . . . which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

A state court's decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). An "unreasonable application" of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably

4

applies that rule to the facts of the petitioner's case." *Id*. "An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Id*.

When a "state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). Similarly, when reviewing a state court's decision applying federal law, a federal court must not determine the accuracy of the result, but instead, whether the result was objectively unreasonable, which is "a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). A state court's factual determinations are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## DISCUSSION

Petitioner's application for federal writ of habeas corpus presents multiple intersecting claims alleging both substantive errors and ineffective assistance of counsel. Petitioner's substantive claims focus on "prejudicial actions by state" including: (1) the state's failure to appoint Petitioner counsel, (2) the state's collusion with Petitioner's first attorney, Mr. Helmreich, (3) the state withholding evidence, and (4) the state sewing confusion into Petitioner's defense by appointing multiple attorney's to his case. Petitioner's ineffective assistance of counsel claims focus on (1) Mr. Helmreich's failure to file a demand for speedy trial, (2) Mr. Helmreich's failure to investigate or take action on Petitioner's case, (3) Mr. Helmreich's abandonment of Petitioner's case, (4) Ms. Tomlinson's failure to investigate the case or obtain a complete casefile, and (5) Ms. Tomlinson's late appointment as counsel.

   i.    *Procedural Default*

5

Respondent argues that Petitioner's application for writ of habeas corpus should be dismissed because his claims are either newly presented or they were determined to be procedurally defaulted by the state habeas court. Pursuant to 28 U.S.C. 2254, a writ of habeas corpus shall not be granted for an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the state." A state court remedy is only exhausted if the claim has been fairly presented to the state courts. *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Therefore, "[a] state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

As the Eleventh Circuit explains, procedural default can arise in two situations. "First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred," a federal court is required to respect that decision. *Id.* "Second, if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." *Id.*

### i.    New Claims in Petitioners Federal Habeas Petition

Petitioner has previously filed a state habeas petition in Georgia, and Georgia's successive petition rule would prevent him from filing a second action. *Whatley v. Terry*, 284 Ga. 555, 558 (2008) (a petitioner seeking relief through a habeas corpus action must present all grounds for relief in his original petition). Therefore, any claim which Petitioner has not

previously raised in state court is now barred by Georgia's procedural law from being raised. *Gibson v. Head*, 282 Ga. 156, 159 (2007) (those claims which are not raised in a first petition are waived). Such claims are procedurally defaulted and not reviewable through federal habeas.

The record, construed in the light most favorable to Petitioner, shows that Petitioner's claims regarding the state failing to appoint Petitioner counsel, withholding evidence, and sowing confusion into Petitioner's defense by appointing multiple attorneys to his case have not previously been raised. In Petitioner's federal petition, these claims are found under the heading "prejudicial actions by the state." There are no corresponding claims in Petitioner's state habeas application or direct appeal. Moreover, Petitioner concedes that these claims were not presented on his direct appeal or state collateral attack. Doc. 1, p. 6. These claims are unexhausted and Petitioner would clearly be barred from now presenting them in state court under Georgia's successive petition rule; therefore, they are procedurally defaulted. It is **RECOMMENDED** that substantive claim one, three, and four be **DISMISSED**

ii.    *Claims Found Defaulted by the State Habeas Court*

Petitioner's remaining claims were all raised in his state habeas application, but the state habeas court determined that they were procedurally defaulted because Petitioner had not previously raised them on his direct appeal. *See generally Turbin v. Mobley*, 269 Ga. 635, 636 (1998) (a Petitioner who "fails to raise an issue that he could have raised on direct appeal [procedurally] defaults the issue on habeas corpus.").

Where a "state court correctly applies a procedural default principle of state law to arrive at the conclusion that the Petitioner's federal claims are barred" from review in state court, federal courts are required to respect the state court's decision. *Bailey,* 172 F.3d at 1302 (11th

(citing *Atkins,* 965 F.2d at 956). However, a federal court is not required to honor a state procedural ruling unless the ruling rests on an independent and adequate state ground. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994) (citing *Harris v. Reed*, 489 U.S. 255, 262 (1989). State grounds are independent and adequate if (1) the last court rendering judgment clearly stated it was relying on procedural rules to resolve federal claims, (2) the decision rests entirely on state law grounds and not be intertwined with federal law, and (3) the state procedural rule is adequate. *Brown v. Sec. for Dept. of Corr.*, 200 F' App'x 885, 887 (11th Cir. 2006). If a state "incorrectly applies its own procedural default law," the state law ground is not adequate and does not preclude federal review.  Brown, *200 F' App'x at 887.*

Petitioner's appellate brief to the Georgia Court of Appeals summarized his ineffective assistance of counsel claim in a single paragraph which stated:

> Appellant was denied effective assistance of counsel at trial.  He was without counsel for two years while the case languished in the court system.  He only had two days to prepare for trial with his counsel.  Had he had more time with counsel he would have been better prepared at trial.  Appellant would have been able to better decide about testifying if he had time to prepare his testimony with his counsel.  Instead of having four years to prepare for trial, Appellant only had two days.  Trial counsel never filed a motion for speedy trial and Appellant was denied his right to a speedy trial.  Effective assistance of counsel is a right that Appellant was denied and therefore his conviction should be overturned.

Doc. 12-10, p. 107. Petitioner's claims regarding ineffective assistance of counsel for failure to file a speedy trial demand and the lack of time for which he was able to prepare with an attorney were not procedurally defaulted in his state habeas action.[1]  Doc. 12-3, p. 8. These claims were fairly presented on Petitioner's direct appeal, and the state habeas decision explicitly discussed these claims in the context of the Georgia Court of Appeals' treatment of those same claims.

---

[1] The state habeas court's decision discussed these two claims in the context of the Court of Appeal's ruling on the same issue.

8

Therefore, the state habeas court misapplied state procedural law and its finding of procedural default does not preclude federal review.[2]

The state habeas court, however, correctly determined that all other claims raised were procedurally defaulted under state law. Petitioner's claims related to ineffective assistance of counsel against Mr. Helmreich other than his failure to file a speedy trial demand, Mr. Helmreich's willful abandonment of Petitioner, and all remaining claims related to the state's alleged dilatory tactics or prejudicial actions are now procedurally defaulted. Therefore it is **RECOMMENDED** that Petitioner's ineffective assistance of counsel claims two, three, and four as well as Petitioner's substantive claim of collusion be **DISMISSED**[3].

iii. *Cause and Prejudice*

A discussed above, Petitioner's substantive claims against the state are barred from federal review because they are procedurally defaulted. Many aspects of Petitioner's ineffective assistance of counsel claim are also procedurally defaulted. Petitioner's procedurally defaulted claims may still be considered by this court, however, if Petitioner can establish both cause and prejudice for the default. *Henderson v. Campbell*, 353 F.3d 880, 892, (11th Cir. 2003). Cause may be demonstrated by showing that some external, objective factor intervened to prevent efforts to comply with the state's procedural rule. *Ward v. Hall*, 592 F.3d 1144, 1176 (11th Cir. 2010). Prejudice may be demonstrated by showing that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *Id.* (citing

---

[2] The habeas court granted the state's motion to dismiss all Petitioner's claims from the bench. The state was then advised to draft an order for the court to sign. Doc. 12-6, p. 35. At the hearing, the State attributed multiple arguments to Petitioner that were not presented in his motion and brief.

[3] Petitioner's alleged ineffective assistance of counsel related to Ms. Tomlinson representation in both his direct appeal and state habeas action. This claim was more narrowly brought on his direct appeal, however. His appeal brief narrowly alleged that Ms. Tomlinson's errors resulted from the short time she had to prepare for Petitioner's case, not deliberate decisions or inaction. Therefore, Petitioner's claims against Ms. Tomlinson are defaulted insofar as they attribute error to Ms. Tomlinson's deliberate intentional decisions. The claim is not defaulted insofar as the alleged errors were caused by Ms. Tomlinson's late appointment.

*McCoy v. Newsome*, 953 F.2d 1252, 1261 (11th Cir. 1992). Cause and prejudice were addressed by the state habeas court, but a state court's findings concerning cause and prejudice are not entitled to deference. *Crowe v. Head*, 356 F. Supp. 2d 1339, 1350, n. 34 (N.D. Ga. 2005) (citing *Crawford v. Head*, 311 F.3d 1288, 1324-27 (11th Cir. 2002)).

In 2013, Petitioner contacted the State Bar of Georgia concerning his trial, apparently seeking information related to Mr. Helmreich's appointment to and withdrawal from Petitioner's case. Doc. `1-6, p. 54. Mr. Helmreich responded on September 26, 2013, advising Petitioner that he withdrew from representation and did not "participate in these matters other than initially." Mr. Helmreich then provided Petitioner with copies of several pleadings and orders from Petitioner's trial. According to Petitioner, the documents provided by Mr. Helmreich do not match the official copies on file with the Clerk of Court. Petitioner argues that Mr. Helmreich altered these documents to hide his abandonment of Petitioner and collusion with the state to delay Petitioner's trial. Doc 12-6, p. 25 -27. Petitioner further argues that he was prevented from discovering this alleged evidence of collusion because he was prevented from accessing the Oglethorpe Clerk of Court file where he believes the documents have been held since Mr. Helmreich withdrew from representation.

Petitioner's argument that his procedural default was caused by the state withholding evidence is without merit. The Oglethorpe County Clerk of Court's casefile and the documents Mr. Helmreich provided to Petitioner were both admitted into evidence during Petitioner's state habeas action. Careful comparison between the two sets of evidence reveals no signs of any meaningful or relevant alterations. Careful review of the evidence also shows Mr. Helmreich's notes and records were not on file with the clerk of court. The clerk of court file contains orders, motions, pleadings, and other documents related to Petitioner's trial, and the documents

Petitioner presented at his state habeas hearing appear to merely be duplicates of those found in the clerk of court's file. Both Petitioner and his appellate counsel were previously provided with their own copies of the file. Doc. 12-6, p. 16. Petitioner has, therefore, failed to demonstrate cause for his procedural default.[4]

Furthermore, even if Petitioner could demonstrate cause for his procedural default, he cannot demonstrate prejudice. Petitioner has raised ineffective assistance of counsel due to the gap in representation he experienced following Mr. Helmreich's withdrawal, beginning with his Motion for New Trial. The claim was denied on motion for new trial because Petitioner could not identify a specific error which resulted from this gap nor prejudice resulting from the alleged error. Petitioner's ineffective assistance of counsel claims were denied on direct appeal for same basic reason. In the current action, Mr. Helmreich's documents are now part of the record, but Petitioner has added no meaningful level of specificity to his ineffective assistance of counsel claim. Petitioner remains unable to identify a single specific manner in which his trial was disadvantaged by the gap in representation he experienced. Petitioner now focuses on the hypothetical missed opportunity to investigate his case during the gap in representation he experienced. Petitioner, however, provides no indication whatsoever regarding what he believes should have been investigated but was not. Rather, at Petitioner's Motion for New Trial, he stated that Ms. Tomlinson did everything she could have. Ms. Tomlinson was appointed to his case four months before he went to trial. She obtained extensions of time to prepare, filed

---

[4] In Petitioner's "Motion for Discovery," he argues that the dates on the "docket sheet" do not match the dates on the corresponding documents. On the Index sent to the Georgia Court of Appeals there is an error stating that a "motion to suppress statements and evidence" was filed on July 3, 2012. Doc. 12-6, p. 76. The Motion was filed on July 3, 2008. Doc. 12-6, p. 102. Petitioner also states that there is an altered indictment. In fact, the documents he submitted contain two indictment cover-pages. Doc. 12-6, p. 51-52. One has been marked "file copy" and has writing on it. The other copy contains Petitioner's plea of not guilty. It simply appears that when the indictment was filed on May 29, 2008, two copies were made. Only one copy was used at Petitioner's arraignment.

numerous motions, held a Jackson-Denno hearing, and Petitioner was found not guilty on three counts on the indictment. Therefore, Petitioner has failed to demonstrate prejudice.

iii.     *Claim Reached on the Merits*

As discussed above, federal courts are prevented from granting habeas relief for any claim adjudicated on the merits in state court unless that decision (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. According to clearly established federal law, to prevail on a claim of ineffective assistance of counsel, the Petitioner bears the burden of establishing by a preponderance of the evidence that: 1) his attorney's performance was deficient, and 2) he was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir.2000). A petitioner must prove both prongs of the Strickland test to show her counsel was ineffective. *Id*.

Petitioner's ineffective assistance of counsel claim on direct appeal is quoted in full above. The Georgia Court of Appeals interpreted it to be asserting two separate claims.  The first claim alleged that Ms. Tomlinson was ineffective because she only had two days to prepare to Petitioner's trial. Petitioner presented no evidence tending to show this fact and failed to identify an error which resulted from Ms. Tomlinson's alleged late appointment as counsel. The record shows that Ms. Tomlinson was appointed to Petitioner's case in November 2010, and Petitioner did not proceed to trial until March 2011. Ms. Tomlinson filed and was granted motions for extension of time, conducted a Jackson-Denno hearing, and Petitioner was acquitted for three counts on the indictment. Petitioner also testified at his motion for new trial that Ms. Tomlinson

did everything she could at his trial and stated that she subpoena all witnesses relevant to his trial. Doc. 12-7, p. 45. Petitioner's "only complaint was that he only had two days with her to prepare for trial," but this complaint alone is not sufficient to authorize a presumption of error or prejudice. See *Kelly v. U.S.*, 820 F.2d 1173, 1175 (11th Cir. 1987) (mere fact that attorney was retained two days before trial is not "a sufficient basis to presume prejudice"); *U.S. v. Mills*, 760 F.2d 1116, 1122 n. 8 (11th Cir. 1985) (argument that counsel must be presumed ineffective because he had only one day to prepare for trial has "little merit"). The Georgia Court of Appeals denied this claim because Petitioner failed to demonstrate error or prejudice. The decision was not contrary to clearly established federal law, and it is **RECOMMENDED** that this claim be **DENIED**.

Petitioner's second claim alleged that he received ineffective assistance of counsel related to Mr. Helmreich's failure to file a motion for speedy trial. The Georgia Court of Appeals first determined that Petitioner had to demonstrate that a motion for speedy trial would have been effective for Petitioner to show deficient performance or prejudice. The court then correctly identified the factors involved in balancing a speedy trial claim. The factors are (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to speedy trial, and (4) the actual prejudice borne by the defendant. *U.S. v. Villarreal*, 613, F.3d 1344, 1350 (11th Cir. 2010) (citing *Barker v. Wingo*, 407 U.S. 514 (1972)). The state court applied the facts to the law and determined that Petitioner failed to make a showing regarding any relevant factor. Petitioner failed to identify the factors, discuss them, or present any argument concerning how he was prejudiced.  Having failed to demonstrate that the motion would have resulted in the speedy trial factors being weighed in Petitioner's favor, Petitioner failed to demonstrate either deficient

performance or prejudice under *Strickland*.[5] This decision was not contrary to clearly established federal law, and it is **RECOMMENDED** that this claim be **DENIED**.

CONCLUSION

Petitioner's claims related to prosecutorial misconduct and the state withholding evidence were not raised at the state court level and are procedurally defaulted. It is **RECOMMENDED** that these claims be **DISMISSED**.

Plaintiff's ineffective assistance of counsel claims related to the state's collusion with Mr. Helmreich, defense counsel's failure to obtain a "complete case history," defense counsel's failure to investigate, and Mr. Helmreich's willful abandonment of Petitioner's case as well as Petitioner's substantive claim of collusion were procedurally defaulted at Petitioner's state habeas action. It is **RECOMMENDED** that these claims be **DISMISSED**.

Plaintiff's remaining ineffective assistance of counsel claims related to counsel's failure to file a speedy trial demand and Ms. Tomlinson's late appointment were decided on the merits by the Georgia Court of Appeals. The decision was not contrary to clearly established federal law. It is **RECOMMENDED** that these claims be **DENIED**.

It is also **RECOMMENDED** that Petitioner's "Motion for Discovery" (Doc. 5) be **DENIED**.

In addition, and pursuant to the requirements of Section 11(a) of the Rules Governing Section 2255 Proceedings, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473,

---

[55] Petitioner merely assumes that if a motion for speed trial was filed he would have been able to proceed to trial while the state was not ready or the indictment would have been dismissed. This is not the case. Had Mr. Tomlinson filed a demand for speedy trial in 2008, prong three of the speedy trial analysis would have been strengthened in Petitioner's favor, but it in no way follows that Petitioner would have automatically been able to successfully argue for dismissal of the indictment as Petitioner appears to assume.

483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 14th of March, 2016.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge